UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ANGELA THIGPEN,

                Plaintiff,

        -against-

LOCAL 807 LABOR MANAGEMENT
PENSION FUND; AND CAROL WEST FALL,
ADMINISTRATOR,

                Defendants.

19-CV-10518 (LLS)

ORDER OF DISMISSAL

---

LOUIS L. STANTON, United States District Judge:

    Plaintiff, appearing *pro se*, brings this action invoking the Court's federal question jurisdiction. By order dated March 17, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP).[1]

## STANDARD OF REVIEW

    The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

    While the law mandates dismissal on any of these grounds, the court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

---

[1] Plaintiff filed her complaint without the $400.00 filing fees or a completed and signed IFP application. By order dated November 19, 2019, the Court directed Plaintiff to pay the filing fees or submit a completed and signed IFP application. Plaintiff complied with the Court's order on December 9, 2019, by submitting a completed and signed IFP application.

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff Angela Thigpen brings this action *pro se*. Plaintiff alleges that

> The Plan fiduciaries violated my Father['s] last wishes. He update[d] his beneficiary form. To his daughter['s] name. Angela Thigpen. Therefore all accounts and assets are to go to his designate[d] beneficiary his daughter Angela Thigpen.

(ECF No. 1 at 2.)

Plaintiff submitted her complaint and request for counsel with docket number 1:18-CV-00162-PKC-LB indicated on both submissions. But Plaintiff is not a party to any case in this

Court under that docket number. A review of the Public Access to Court Electronic Records (PACER) system, however, reveals that Plaintiff filed an action in state court against the same Defendants and asserting the same claims raised in this complaint, and that action was removed by Defendants to the United States District Court for the Eastern District of New York. *See Thigpen v. Local 807 Labor Mgmt. Plan Fund*, No. 18-CV-00162 (PKC) (LB) (E.D.N.Y. Sept. 30, 2019) (granting summary judgment to Defendant, dismissing the action, and granting Defendant's request for an award of $100.00 for attorneys' fees). Plaintiff filed a notice of appeal in that case on October 10, 2019. The complaint submitted to this Court was signed by Plaintiff on November 5, 2019.

The United States Court of Appeals dismissed Plaintiff's appeal on March 4, 2020. *See Thigpen v. Local 807 Labor Mgmt. Plan Fund,* No. 19-3320 (2d Cir. Mar. 4, 2020). Plaintiff filed a motion for reconsideration on March 16, 2020, and the Second Circuit noticed Plaintiff that her motion was defective, and granted Plaintiff until April 6, 2020, to cure the defect and resubmit the motion. *Id.* at 48.

## DISCUSSION

Any claims Plaintiff may be seeking to raise in this complaint are barred by the doctrine of *res judicata* or claim preclusion. Under the doctrine of claim preclusion, also known as "*res judicata*," a litigant may not bring a new case that includes claims or defenses that were or could have been raised in an earlier case in which the same parties were involved if that case resulted in a judgment on the merits. *Brown v. Felsen*, 442 U.S. 127, 131 (1979). Claim preclusion "bars a plaintiff from relitigating claims against a defendant that it lost in a previous action against the same defendant and claims that the plaintiff could have brought in that earlier action but did not." *Marcel Fashions Grp. Inc. v. Lucky Brand Dungarees, Inc.*, 898 F.3d 232, 236-37 (2d Cir. 2018). The doctrine "'serves the interest of society and litigants in assuring the finality of judgments,

3

[and] also fosters judicial economy and protects the parties from vexatious and expensive litigation.'" *Id.* at 237 (quoting *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000)). Claim preclusion generally applies if "(i) an earlier action resulted in an adjudication on the merits; (ii) that earlier action involved the same counterparty or those in privity with them; and (iii) the claim sought to be precluded was raised, or could have been raised, in that earlier action." *Id.*

To determine if a claim could have been raised in an earlier action, courts look to whether the present claim arises out of the same transaction or series of transactions asserted in the earlier action, *see Pike v. Freeman,* 266 F.3d 78, 91 (2d Cir. 2001), or, in other words, whether facts essential to the second suit were present in the first suit, *NLRB v. United Techs. Corp.*, 706 F.2d 1254, 1260 (2d Cir. 1983). "A party cannot avoid the preclusive effect of *res judicata* by asserting a new theory or a different remedy." *Brown Media Corp. v. K&L Gates, LLP*, 854 F.3d 150, 157 (2d Cir. 2017) (internal quotation marks and citation omitted).

Although claim preclusion is an affirmative defense to be pleaded in a defendant's answer, *see* Fed. R. Civ. P. 8(c), the Court may, on its own initiative, raise the issue. *See, e.g.*, *Grieve v. Tamerin*, 269 F.3d 149, 154 (2d Cir. 2001) (affirming district court's dismissal on grounds of issue preclusion even though defendant failed to plead that defense, and noting that "principles of preclusion involve" not only "the rights and interests of the parties," but also "important interests of the public and the courts in avoiding repetitive litigation and potentially inconsistent decisions"); *Doe v. Pfrommer*, 148 F.3d 73, 80 (2d Cir. 1998) (affirming *sua sponte* application of collateral estoppel in motion for summary judgment); *Salahuddin v. Jones*, 992 F.2d 447, 449 (2d Cir. 1993) ("The failure of a defendant to raise *res judicata* in [an] answer does not deprive a court of the power to dismiss a claim on that ground.").

The elements of claim preclusion are satisfied here. Plaintiff previously filed an action against Defendants, for the same actions alleged in this complaint, in the Eastern District of New York. Plaintiff also appealed that court's decision by filing an appeal in the Second Circuit. Plaintiff's previous action and appeal were adjudicated on the merits. A "dismissal for failure to state a claim operates as 'a final judgment on the merits and thus has *res judicata* effects.'" *Garcia v. Superintendent of Great Meadow Corr. Facility*, 841 F.3d 581, 583 (2d Cir. 2016) (quoting *Berrios v. N.Y.C. Hous. Auth.*, 564 F.3d 130, 134 (2d Cir. 2009)).

Because Plaintiff's present claims arise out of the same transactions and occurrences that were the subject of the previous action in the Eastern District and in the appeal of the Eastern District decision, these claims are barred by the doctrine of claim preclusion.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff's request for counsel (ECF No. 2) is denied as moot.

Chambers will mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:   April 14, 2020
         New York, New York

                                        _____
                                              Louis L. Stanton
                                              U.S.D.J.